UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRANDON KEITH JACKSON                        CIVIL ACTION

VERSUS                                        NUMBER: 17-13503

ROBERT C. TANNER, ET AL.                      SECTION: "S"(5)

**ORDER AND REASONS**

Before the Court is the 28 U.S.C. §1915(e)/Rule 12(b)(1)/Rule 12(b)(6) motion to dismiss of the named Defendants herein, the B.B. "Sixty" Rayburn Correctional Center ("RCC") and the Louisiana Department of Public Safety and Corrections ("DPS&C"), Plaintiff's opposition thereto, and Defendants' brief in reply. (Rec. docs. 65, 66, 69). For the reasons that follow, it is ordered that Defendants' motion is granted in part and denied in part.

At issue in Defendants' motion is Count 5 of Plaintiff's Second Amended Complaint, which is denominated as follows:

> COUNT 5
> Americans with Disabilities Act and Rehabilitation Act
> Discrimination on the basis of a disability
> LA DPS&C and RCC

(Rec. doc. 61, p. 14).

In the paragraphs that follow, Plaintiff quotes relevant portions of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12132, and the Rehabilitation Act ("RA"), 29 U.S.C. §794, as well as caselaw interpreting the reach of the ADA before presenting a series of allegations as to why those statutory schemes were violated in this case and the relief to which he believes he is entitled. (*Id.* at pp. 14-17). By way of the present motion, the moving Defendants first argue that the RCC is not a legal entity that is

capable of being cast in judgment, that it is a penal institution under the auspices of the DPS&C, and that it is not a "person" within the meaning of 42 U.S.C. §1983. (Rec. doc. 65-1, pp. 6-7). Plaintiff does not dispute the legal authorities holding that the RCC is not a legal entity capable of being sued. (Rec. doc. 66, p. 2). Defendants are indeed correct that the RCC is not a legal entity capable of standing in judgment pursuant to either §1983 or Rule 17, Fed. R. Civ. P. *Demouchat v. Rayburn Correctional Center*, No. 07-CV-1694, 2008 WL 2018294 at *2 (E.D. La. May 8, 2008). Given Plaintiff's concession on this point, the appropriate course of action is the dismissal of RCC from this case.[1] *Lumar v. St. John the Baptist Parish*, No. 01-CV-1709, 2002 WL 500477 at *3 (E.D. La. Apr. 2, 2002).

The second and third bases for dismissal urged in the present motion are somewhat related and will thus be addressed together. The DPS&C first argues that any claims under the ADA and the RA are not actionable through §1983. Relatedly, the DPS&C argues that it is entitled to sovereign immunity for any §1983 claims against it. (Rec. doc. 65-1 pp. 7-9). In opposition, Plaintiff asserts that the ADA/RA authorize suit on their own accord and that there is therefore no need to rely on §1983 as an enforcement mechanism. Plaintiff also maintains that sovereign immunity is waived for claims arising under the RA which is essentially identical in scope to the ADA. (Rec. doc. 66, pp. 2-4). In its reply memo, the DPS&C points to a paragraph in Plaintiff's 124-paragraph amended complaint wherein he averred that "[a]t all times relevant to this complaint, Defendants acted under color of state law within the meaning of 42 U.S.C. §1983." (Rec. doc. 61, p. 8). Defendant also points to the fact that Count 5 of Plaintiff's amended pleading is sandwiched between two other counts alleging violations of §1983 and accuses Plaintiff of attempting to use the DPS&C as

---

[1] As RCC is being dismissed from this litigation, the remainder of the arguments raised in the motion *sub judice* will be addressed as having been urged by the DPS&C.

a means to bring ADA/RA claims against the individual Defendants.  Finally, Defendant asserts that Plaintiff's allegations against it in Count 5 are identical to his allegations against the individual Defendants in Counts 2 and 4 and, at any rate, that Plaintiff's request for medication of his choosing does not amount to deliberate indifference under §1983 or discrimination under the ADA/RA.  (Rec. doc. 69, pp. 1-3).

In addressing Defendant's arguments, the Court begins by noting that claims under the ADA are essentially identical to, and duplicative of, claims arising the RA.  *Bennett-Nelson v. Louisiana Bd. of Regents*, 431 F.3d 448, 454-55 (5th Cir. 2005), *cert. denied*, 547 U.S. 1098, 126 S.Ct. 1888 (2006).  On the other hand, claims arising under the ADA/RA are separate and distinct from those arising under §1983.  *Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) (elements of ADA claim); *Brown v. Coulston*, 463 F.Supp.3d 762, 773 (E.D. Tex. 2020) (elements of §1983 claim).  Among the elements of the latter claim is the requirement that the defendant acted under color of state law.  *Brown*, 463 F.Supp.3d at 773 (citing *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004)).  Although §1983 claims are often coupled with ADA/RA claims, *Brown*, *supra*, the latter can be brought independently on their own.  *Hale*, *supra*; *Hinojosa v. Livingston*, 994 F.Supp.2d 840 (S.D. Tex. 2014).  Importantly here, ADA/RA claims cannot be pursued through §1983.  *D.A. ex rel. Latasha A. v. Houston Indep. School Dist.*, 629 F.3d 450, 456-57 (5th Cir. 2010) (citing *Lollar v. Baker*, 196 F.3d 603, 608-10 (5th Cir. 1999)).  Equally important is that individual defendants cannot be held personally liable for violations of the ADA/RA.  *Douglas v. Gusman*, 567 F.Supp.2d 877, 888 (E.D. La. 2008).  Finally, a state, or a state entity, consents to be sued under the RA when it accepts federal funds.  *McCoy v. Texas Dept. of Criminal Justice*, No. 05-CV-0370, 2006 WL 2331055 at *3-4 (S.D. Tex. Aug. 9, 2006) (citing *Miller v.*

*Texas Tech Univ. Health Scis. Ctr.*, 421 F.3d 342 (5th Cir. 2005) (en banc), *cert. denied*, 546 U.S. 1170, 126 S.Ct. 1332 (2006) and other cases).  Given the duplicative nature of claims under the RA and the ADA, whether sovereign immunity is waived with respect to the latter becomes a moot inquiry.  *Id.* at *4-5.

Applying these principles to the matter at hand, the Court finds that Plaintiff has sufficiently pled a claim with facial plausibility under the ADA/RA.  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S.Ct. 1937, 1949 (2009).  Count 5 of Plaintiff's second amended complaint is a stand-alone cause of action independent of any claim arising under §1983.  That the same fact pattern may give rise to separate causes of action, that the "under-color-of-state-law" element was pled elsewhere in the pleading, or that Count 5 is proximate in location to other claims under §1983 do not alter this conclusion.  Concerns about individual liability do not come into play here as it is unavailable under the ADA/RA and the Court must accept as true Plaintiff's allegation that the DPS&C receive federal funds.  (Rec. doc. 61, p. 15).  On these bases, Defendant's motion is denied.

The remaining issue raised in Defendant's motion concerns the sufficiency of Plaintiff's service efforts (rec. doc. 65-1, pp. 10-11) as thus far only the Assistant Attorney General who is counsel of record has been served with a copy of the second amended complaint.  (Rec. doc. 63).  Plaintiff reports that he dutifully requested a waiver of service from the DPS&C and that service on counsel of record, as an agent of the Attorney General, was all that was required.  (Rec. doc. 66, pp. 4-6).  Counsel for Defendant responds that she lacks the authority to consent to a waiver but will not, at any rate, complain of the timeliness of service.  (Rec. doc. 69, pp. 3-4).

In resolving this issue, the Court notes that the waiver-of-service provision of Rule 4(d) is inapplicable to actions against governments and entities subject to service under Rule 4(j). *Pechon v. Louisiana Department of Health and Hospitals*, No. 08-CV-0664, 2009 WL 10680050 at *2 (E.D. La. Jan. 12, 2009) (quoting Advisory Committee Notes to 1993 Amendments to Fed. R. Civ. P.). In *Burnett v. James Construction Group*, 66 So.3d 482, 485 (La. 2011), the Louisiana Supreme Court held that "[a] double request for service is not necessary" but nevertheless afforded the plaintiff the opportunity to cure any service defects by requesting and obtaining service on the agency head and the Office of Risk Management. That approach has been followed elsewhere. *Wilson v. Department of Public Safety and Corrections*, 295 So.3d 1274, 1278-79 (La. App. 2nd Cir.), *writ denied*, 301 So.3d 1176 (La. 2020). Guided by these authorities, and in an effort to put the service issue to rest, Plaintiff will be afforded an additional 45 days within which to properly serve the DPS&C.

In conclusion, Defendants' motion is granted in part and denied in part. RCC is hereby dismissed from this litigation and Plaintiff is afforded an additional 45 days within which to properly serve the DPS&C.

New Orleans, Louisiana, this 14th day of June, 2021.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE