UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRANDON KEITH JACKSON                                   CIVIL ACTION

VERSUS                                                  NUMBER: 17-13503

ROBERT C. TANNER, ET AL.                                SECTION: "S"(5)

### ORDER AND REASONS

Before the Court is the 28 U.S.C. §1915(e)/Rule 12(b)(6) motion to dismiss of Defendants, Sergeant Robert Goings, Major Darryl Mizell, and former Warden Robert C. Tanner of the B.B. "Sixty" Rayburn Correctional Center ("RCC") in Angie, Louisiana. (Rec. doc. 70). Defendants' motion is opposed. (Rec. doc. 74).

The moving Defendants seek the dismissal of the following claims set forth in Plaintiff's second amended complaint: 1) Plaintiff's claim for "[u]nreasonable conditions of confinement" as pled in Count 1 against Goings and Mizell in their individual capacities;[1] and 2) Plaintiff's claim for "[s]upervisory liability" as pled in Count 7 against Tanner in his individual capacity. As to Count 1, Defendants argue that Plaintiff alleges only verbal threats on the part of Goings, which are not actionable under 42 U.S.C. §1983. (Rec. doc. 70-1, pp. 6-9). With respect to Mizell, Defendants argue that Plaintiff has pled no facts establishing personal involvement on Mizell's part and no allegations regarding any specific policies that may or may not have in place at RCC. (*Id.*). Defendants further argue that inmates such as Plaintiff have no constitutional right to have prison disciplinary or administrative proceedings properly investigated, handled, or formally resolved. (*Id.*) As to Count 7, Tanner argues that the doctrine of *respondeat superior* is inapplicable to §1983

---

[1] Although another named Defendant, Sergeant Ronnie Spears, was also implicated in Count 1 of Plaintiff's second amended complaint (rec. doc. 61, pp. 8-10), he does not join in the present motion.

proceedings and that the viability of supervisory liability is questionable in the wake of *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009).  (*Id.* at pp. 9-11).  Tanner further argues that there are no allegations of personal involvement on his part and no allegations that the alleged deprivation of Plaintiff's constitutional rights occurred as a result of a subordinate's implementation of his affirmative wrongful policies or as a result of a breach by him of an affirmative duty specially imposed by state law.  (*Id.*).

In opposition, Plaintiff argues that he alleges more than mere verbal abuse by Goings but, rather, that he actually ingested bug repellant at Goings' urging and direction.  (Rec. doc. 74, pp. 3-5).  In any event, Plaintiff maintains that 42 U.S.C. §1997e(e) does not bar an award of nominal or punitive damages or declaratory relief and that the prayer for relief encompassed in his second amended complaint adequately seeks such remedies.  (*Id.*).  With respect to Major Mizell, Plaintiff argues that he was, in fact, "personally involved" because he was charged with overseeing investigations of the two incidents complained of, which he either failed to do or did do but concealed his findings in an active coverup for Goings, his alleged stepson, and Spears.  (*Id.*).  Plaintiff asserts that Mizell's coverup was a foreseeable contributing factor to the violation of Plaintiff's constitutional rights.  (*Id.* at pp. 6-8).  Finally, irrespective of Tanner's personal involvement, Plaintiff argues that the allegations in the second amended complaint are sufficient to state a claim based on his failure to train or supervise.  (*Id.* at pp. 8-10).

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows for the dismissal of a claim if the plaintiff fails to plead factual allegations in support of his claim that would entitle him to relief.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).  Those "'[f]actual allegations must be

enough to raise a right to relief above the speculative level.'" *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009), *cert. denied*, 559 U.S. 936 (2010)(quoting *Twombly*, 550 U.S. at 555). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court must accept all well-pleaded facts as true and draw all reasonable inferences in favor of the non-moving party, *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009), but the Court need not accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678. While a complaint need not contain detailed factual allegations, it does demand more than an unadorned "the-defendant-unlawfully-harmed-me" accusation. *Id.* Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* at 677 (citing *Twombly,* 550 U.S. at 555). "Determining whether a complaint states a plausible claim for relief … will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679.

With respect to Count 1 of Plaintiff's second amended complaint, in order to establish a constitutional violation, an inmate must demonstrate, first, that he was deprived of the minimal civilized measure of life's necessities or some basic human need and, second, that prison officials acted with deliberate indifference to the inmate's health or safety. *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001) (citing *Famer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970 (1994)). *See also Taylor v. Woods*, 211 Fed.Appx. 240, 241 (5th Cir.

2006); *Pittman v. Allison*, No. 08-CV-0328, 2010 WL 2736961 at *3 (S.D. Miss. Jul. 9, 2010). "Deliberate indifference is established by showing that the defendant officials '(1) were aware of facts from which an inference of excessive risk to the prisoner's health or safety could be drawn and (2) that they actually drew an inference that such potential for harm existed.'" *Herman*, 238 F.3d at 664 (quoting *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998)). "'Deliberate indifference' is a stringent standard of fault, one which requires proof that a municipal actor disregarded a known or obvious consequence of his action." *Ford v. Gusman*, No. 11-CV-2950, 2012 WL 2567063 at *8 (E.D. La. May 11, 2012), *adopted*, 2012 WL 2567034 (E.D. La. Jul. 2, 2012) (citing *Board of the County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 410, 117 S.Ct. 1382, 1391 (1997)). It has been equated with "subjective recklessness" as that term is used in criminal law. *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997).

Defendants are correct that mere verbal abuse or threatening language of a correctional officer do not, even if true, amount to constitutional violations. *Harvey v. Stalder*, 130 Fed.Appx. 654 (5th Cir. 2005); *Wilson v. Budner*, 976 F.2d 957, 958 (5th Cir. 1992). *See also Clifton v. Sprague*, No. 14-CV-3513, 2014 WL 5456527 at *3 (C.D. Calif. Oct. 27, 2017) (allegations of verbal threats and/or verbal harassment <u>alone</u> are insufficient to state an Eighth Amendment claim). Plaintiff, however, alleges more than just verbal abuse by Goings. Rather, Plaintiff alleges that Goings, knowing that Plaintiff suffered from mental health conditions that made him particularly susceptible to verbal abuse, not only threatened that harm would come to Plaintiff's mother if he did not ingest insect repellant and take his own life as directed but also provided Plaintiff with the agent that would lead to that outcome. As one court has observed, "[e]ncouraging an inmate to perform actions

4

that could help him commit suicide presents an objectively serious risk to the inmate." *Harper v. Laufenberg*, No. 04-CV-0699, 2004 WL 2360382 at *2 (W.D. Wis. Oct. 15, 2004). Plaintiff has thus alleged sufficient facts to state a claim under the Eighth Amendment. (*Id.*). *See also Calhoun v. Hargrove*, 312 F.3d 730, 734-35 (5th Cir. 2002) (although claims of verbal abuse are not actionable, case remanded for hearing to determine level of injury sustained). Even if that were not the case, the physical injury requirement in 42 U.S.C. §1997e(e) does not bar claims for nominal/punitive damages or declaratory relief, remedies that were broadly embraced by Plaintiff's prayer for relief. *Pomier v. Leonard*, 532 Fed.Appx. 553 (5th Cir. 2013); *Boyd v. Driver*, 495 Fed.Appx. 518, 524 (5th Cir. 2012); *Hutchins v. McDaniels*, 512 F.3d 193, 197-98 (5th Cir. 2007).

Defendants next move for the dismissal of Count 1 as to Mizell, arguing that he was not personally involved in the incidents at issue and that Plaintiff has no right to a proper investigation into the circumstances surrounding the incidents. Plaintiff counters that Mizell was "personally involved" because it was his responsibility to investigate the two incidents which he either failed to do or did do but concealed his findings as part of an active coverup for Goings, his alleged stepson, and Spears. Plaintiff's allegations that Mizell had an affirmative obligation to investigate the two incidents states a claim for relief that is plausible on its face and is thus sufficient to withstand dismissal under Rule 12(b)(6). *See*, e.g., *Alexander v. Perrill*, 916 F.2d 1392, 1396 (9th Cir. 1990).

Finally, as to Count 7, Tanner first questions whether the concept of supervisory liability continues to be viable in the wake of *Iqbal*. He then argues that he was not personally involved in the incidents in question, that he cannot be held liable under the doctrine of *respondeat superior*, and that there is no allegation that the alleged deprivation

of Plaintiff's rights occurred as a result of a subordinate's implementation of his affirmative wrongful policies or as a result of a breach by Tanner of an affirmative duty specially imposed by state law. Plaintiff, on the other hand, argues that irrespective of personal involvement, his allegations are sufficient to state a claim for failure to train/supervise Goings, Spears, Dr. Cleveland, and Mizell.

For present purposes, suffice it to say that the concept of supervisory liability remains viable post-*Iqbal* with the proviso that each government official, his or her official title notwithstanding, is only liable for his or her own misconduct. *Harris v. Gusman*, No. 18-CV-7685, 2020 WL 4365490 (E.D. La. Jul. 30, 2020) (citing *Iqbal*, 556 U.S. at 677, 129 S.Ct. at 1949 and *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987)). "Of course, a supervisory official can also be held liable for a constitutional violation resulting from [his or] her own failure to train or supervise [his or] her subordinates." *Id.* In order to prevail under such a theory, a plaintiff must demonstrate that: (1) the supervisor either failed to supervise or train the subordinate officer; (2) a causal connection exists between the failure to train or supervise and the violation of plaintiff's constitutional rights; and (3) the failure to train or supervise amounts to deliberate indifference. *Davidson v. City of Stafford, Texas*, 848 F.3d 384, 397 (5th Cir. 2017). "Deliberate indifference can be demonstrated in two ways. First, a plaintiff may demonstrate that a [defendant] had notice of a <u>pattern of similar violations</u>. Second, a plaintiff may demonstrate liability based on a <u>single incident</u> if the constitutional violation was the highly predictable consequence of a particular failure to train. *Id.* (emphasis added; citations and quotation marks omitted).

In the matter at hand, Plaintiff alleges that Tanner, as the top supervisory official at RCC, had a duty to train and supervise its employees and that he failed to train Goings,

6

Spears, and Dr. Cleveland on how to deal with inmates like Plaintiff with serious medical conditions and their obligations under the ADA and that he failed to supervise them on their interactions with Plaintiff.  He further alleges that Tanner failed to train Mizell on his duties to investigate incidents at RCC, that his failures amount to deliberate indifference, and that discovery will reveal a pattern of similar violations by the Defendants such that Tanner had actual or constructive notice of the alleged constitutional violations.  Finally, Plaintiff alleges that Tanner's failure to train and supervise was both a tacit approval of, or acquiescence in, his subordinates' conduct and a repudiation of Plaintiff's rights such that Tanner was a moving force behind the constitutional violations.  At the pleading state, these allegations are at least minimally sufficient to defeat a motion to dismiss predicated on Rule 12(b)(6).  *Cleveland v. Gautreaux*, 198 F.Supp.3d 719, 739-40 (M.D. La. 2016).  For all of these reasons, Defendants' motion to dismiss is denied.

New Orleans, Louisiana, this 18th day of August, 2021.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE