UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRANDON KEITH JACKSON                                          CIVIL ACTION

VERSUS                                                         NUMBER: 17-13503

ROBERT C. TANNER, ET AL.                                       SECTION: "S"(5)

### ORDER AND REASONS

Presently before the Court is the Rule 12(b)(1) motion to dismiss of Defendant, the Louisiana Department of Public Safety and Corrections ("DPS&C"), and Plaintiff's opposition thereto. (Rec. docs. 78, 79). For the reasons that follow, Defendant's motion is denied.

The subject of Defendant's motion is limited to "... the allegations of ADA/RA violation(s) based on disability discrimination against DPS&C which were brought under 28 (sic) U.S.C. §1983." (Rec. doc. 78-1, p. 2). Defendant argues that state agencies like itself are not considered to be "persons" who are capable of being sued under 42 U.S.C. §1983 and that it is otherwise entitled to sovereign immunity under the Eleventh Amendment. (*Id.* at pp. 2-4). In opposition, Plaintiff essentially argues that the only claims that he has asserted against DPS&C are those under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA") which the Court previously held had been adequately pled against it. (Rec. doc. 79).

Defendant is correct that the Eleventh Amendment generally bars citizens' suits in federal courts against states, state agencies, and state officials acting in their official capacity. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 313-14 (5th Cir. 1999) (citing *Voisin's Oyster House v. Guidry*, 799 F.2d 183, 185 (5th Cir. 1986)). Defendant is also correct that neither states, state agencies, nor state officials acting in their official capacity

are considered to be "persons" within the meaning of §1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989); *Anderson v. Phelps*, 655 F.Supp. 560, 563-64 (M.D. La. 1985).

Unlike the Defendant, however, the Court does not read Plaintiff's second amended complaint as asserting a claim against it under §1983. While Plaintiff admittedly, under the heading of "CAUSES OF ACTION," alleged that "… Defendants acted under color of state law within the meaning of 42 U.S.C. §1983" (rec. doc. 61, p. 8), in the more particularized counts of his causes of action that follow he makes clear that the claim(s) that he urges against the DPS&C is/are under the ADA/RA. (*Id.* at pp. 14-17). As was noted by the Court in disposing of one of the other motions to dismiss that was previously filed in this matter, claims arising under the ADA/RA are separate and distinct from those arising under §1983 and the former can be brought independently on their own. (Rec. doc. 71, p. 3). Indeed, ADA/RA claims cannot be pursued through the remedial mechanism of §1983. (*Id.*). And, as was also noted by the Court, a state entity such as the DPS&C consents to be sued under the RA when it accepts federal funds and that given the duplicative nature of claims under the RA and the ADA, whether sovereign immunity is waived with respect to the latter becomes a moot point. (*Id.* at pp. 3-4). Accepting as true, as the Court must, Plaintiff's allegation that the DPS&C receives federal funds, it remains in this suit solely for purposes of Plaintiff's ADA/RA claim. For these reasons, Defendant's motion is denied.

New Orleans, Louisiana, this ⎯⎯19th⎯⎯ day of ⎯⎯⎯September⎯⎯⎯, 2021.

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

2